GANDER's Lessee v. BURNS et al.

Conflicting locations.

In case of conflicting warrants, if there be ground enough to satisfy both, each party will be confined to what he purchased.

EJECTMENT for lands in Mifflin county. On the trial of the cause, the following general principles were stated in the charge to the jury.

BY THE COURT.—The first inquiry is, whether the location and warrant call for the same place. If they do, then, as there is ground enough to satisfy both, one shall not run away with all, but shall be confined to what he purchased. This is the rule in the board of property, and if Snedon's rights have not been abandoned, nor transferred to Dearmond, it is the rule that ought to be applied here. Those rights do not seem to have been abandoned; for in 1761, the children were infants, and were hardly of age, when this action was brought; laches cannot, therefore, be imputed.

Whether Dearmond purchased, must be left to the jury: he had the receipt, and that is some ground for presumption, added to his own declarations, which, as they come on the part of the plaintiff, are evidence.

But if the rights remain, then the next question is, how shall the location and warrant be laid? This must be determined, either by the description; or by the prior improvement; or by the priority of date. As to the description, Snyder calls for Everhart as his boundary, and Foster, for Buchanan, *123] at opposite ends of the whole tract: *so that, it would seem, one might begin on one quarter, and another on the other quarter, until they meet. But if the priority of improvement is clear, that being the spot designed by the improver, ought, perhaps, to be assigned to him.

If no other rule can be taken, the priority of date ought to give the preference to the party whose warrant is oldest, to locate it as he chooses.

Verdict for the plaintiff.